Filing # 50531643 E-Filed 12/27/2016 10:49:11 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

**CASE NO.: 16-CA-**
**FLA BAR NO.: 0739685**

**MELISSA M. MACK,**

**Plaintiff,**

**v.**

**FLORIDA COASTAL SCHOOL OF LAW, INC.,**

**Defendant.**
_________________________________/

**COMPLAINT**

Plaintiff, MELISSA M. MACK, hereby sues Defendant, FLORIDA COASTAL SCHOOL OF LAW, INC., and alleges:

**NATURE OF THE ACTION**

1. This is an action brought under Chapter 760, Florida Statues; 42 U.S.C. §2000e et seq.; and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

**THE PARTIES**

3. At all times pertinent hereto, Plaintiff, MELISSA M. MACK, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race.

4. At all times pertinent hereto, Defendant, FLORIDA COASTAL SCHOOL OF LAW, INC., has been organized and existing under the laws of the State of Florida. At all times



FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 12/28/2016 09:39:54 AM

pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female, began her employment with the Defendant in February 2008. She currently holds the position of Financial Aid Counselor.

7. Plaintiff applied for the position of Assistant Director of Financial Assistance. On or around November 10, 2014, Plaintiff was informed by Roger Collins, Director of Financial Assistance, that the position sought by Plaintiff was offered to another employee, Leslie Tignor, a white female.

8. Tignor is less qualified for the position than Plaintiff in that Tignor just recently obtained an AA degree. The internal posting for the job stated a four year degree was preferred. Plaintiff has a Master's degree. Tignor has approximately ten years of experience in financial aid at a lower level than Plaintiff. Plaintiff has over 20 years of experience.

9. Plaintiff complained internally about not being selected for the Assistant Director position and expressed that she felt she was being discriminated against. In retaliation, for Plaintiff's internal complaints as well as filing a charge of discrimination, Tignor has targeted Plaintiff by increasing her workload and requiring Plaintiff to complete tasks that other employees are not required to do.

10. Plaintiff was not selected for the Assistant Director position because she is black and Tignor is white.

11. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

**COUNT I**
**RACE DISCRIMINATION**

12. Paragraphs 1-11 are re-alleged and incorporated herein by reference.

13. This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

14. Plaintiff has been the victim of discrimination on the basis of her race in that she was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her race.

15. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

16. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

17. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

18. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

19. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

20. The events set forth herein led, at least in part, to Plaintiff's to the adverse employment action taken against Plaintiff.

21. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, 42 U.S.C. §1981 and 42 U.S.C. §2000e et seq..

22. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and punitive damages.

**COUNT II**
**RETALIATION**

23. Paragraphs 1-11 are hereby re-alleged and reincorporated as if set forth in full herein.

24. Defendant is an employer as that term is used under the applicable statutes referenced above.

25. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C §

2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

26. The foregoing unlawful actions by Defendant were purposeful.

27. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

28. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

29. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive relief and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

,(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to

Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and punitive damages where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 27th day of December 2016.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF